PETER H. AJEMIAN, ESQ., Nevada Bar No. 9491
pajemian@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135

*Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WYNN RESORTS HOLDINGS, LLC, a Nevada limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | (1)  Trademark Infringement under 15 U.S.C. § 1114 |
| ENCORE KARAOKE & SUSHI LOUNGE, an entity of unknown origin; and JAY MEI, Individually, | (2)  Unfair Competition under 15 U.S.C. § 1125(a) |
| | (3)  Trademark Dilution under 15 U.S.C. § 1125(c) |
| Defendants. | (4)  State Trademark Infringement under NRS 600.420 |
| | (5)  State Trademark Dilution under NRS 600.435 |
| | (6)  Common Law Trademark Infringement |
| | (7)  Cybersquatting under 15 U.S.C. § 1125(d) |

Wynn Resorts Holdings, LLC (together with its affiliated entity, Wynn Las Vegas, LLC, "Plaintiff"), for its Complaint against Encore Karaoke & Sushi Lounge and Jay Mei (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CASE

1.      This is an action for trademark infringement, unfair competition and trademark dilution under federal statutes, with pendent state and common law claims for trademark infringement and dilution.

2.      This action arises out of Defendants' unlawful and unauthorized adoption and use of the trademark ENCORE in connection with entertainment, karaoke lounge, bar, and restaurant services.

1

3.     Defendants' ENCORE trademark is confusingly similar to and dilutive of Plaintiff's ENCORE trademarks, which Plaintiff uses in connection with a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services, in connection with its world famous, multi-million dollar casino resorts located in Las Vegas, Nevada.

4.     By using a trademark that is confusingly similar to Plaintiff's trademark in connection with services that are the same and/or highly related to those offered by Plaintiff, Defendants are misleading consumers into falsely believing that its business activities are affiliated with, sponsored by or associated with Plaintiff, when indeed they are not.

5.     Through this action, Plaintiff seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## PARTIES

6.     Plaintiff Wynn Resorts Holdings, LLC is a Nevada limited liability company doing business in Las Vegas, Nevada.

7.     Plaintiff is informed and believes and thereon alleges that Defendant Encore Karaoke & Sushi Lounge is an entity of unknown origin doing business in Minneapolis, Minnesota.

8.     Plaintiff is informed and believes and thereon alleges that Defendant Jay Mei is an individual, residing in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

9.     This Court's assertion of subject matter jurisdiction over this case is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court's assertion of supplemental jurisdiction over Plaintiff's state and common law claims is proper pursuant to 28 U.S.C. § 1367(a).

10.     This Court's assertion of personal jurisdiction over Defendants is proper based upon its purposeful direction of infringing conduct at Plaintiff in the State of Nevada, which caused and continues to cause Plaintiff harm in the State of Nevada.  Specifically, Defendants purposefully directed its activities toward the District of Nevada when it willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff is headquartered in the District of Nevada. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 379 F.3d 1120, 1124–25 (9th Cir. 2004).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

11.     Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c).

## PLAINTIFF'S RIGHTS IN ITS FAMOUS ENCORE MARKS

12.     Plaintiff owns and operates the Encore and Wynn Las Vegas luxury resorts, casinos and hotels in Las Vegas, Nevada (together, "Encore"), which hold more Forbes five-star awards than any other casino resort in the world, and are considered to be among the finest hotels in the world.

13.     Since at least 2008, Plaintiff has offered, and continues to offer, quality gaming, hotel resort, casino, restaurant, bar, spa and entertainment services under its famous ENCORE brand to millions of consumers throughout the United States and the world who visit Encore.

14.     Additionally, for at least five years, Plaintiff has continually offered and promoted nightclub, cocktail lounge, bar and restaurant services at Encore under the ENCORE brand.

15.     Plaintiff's rights in its famous ENCORE brand are evidenced by the following federal trademark registrations for the word mark ENCORE with the United States Patent and Trademark Office ("USPTO") (collectively, the "ENCORE Word Marks"):

a.     **ENCORE** in Class 41 for entertainment in the nature of theater productions, live music concerts, visual and audio performances, variety, and comedy shows; entertainment services, namely, organizing community festivals featuring a variety of activities, namely, art exhibitions, and live music concerts; movie theaters; cabarets; night club services; figure salons; arranging and conducting golf competitions, entertainment in the nature of golf tournaments, golf courses, and golf club services; health club services, namely, providing facilities for recreation activities; and providing facilities for tournaments, namely, poker; special event planning (Reg. No. 4,136,015);

b.     **ENCORE** in Class 43 for hotel, restaurant and bar services featuring customer loyalty programs that provide hotel, restaurant and bar benefits to reward repeat customers; providing travel agency services, namely, making

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

reservations and bookings for temporary lodging and entertainment in the nature of restaurants and meals; and providing hotel and dining information via the Internet (Reg. No. 3,703,684); and

    c.    **ENCORE** in Class 43 for resort hotels, restaurant, bar and cocktail lounge services; arena services, namely, providing facilities for sports, concerts, conventions and exhibitions; snack bars; catering; providing banquet and social function facilities for special occasions; providing convention facilities; and providing facilities for exhibitions (Reg. No. 3,610,506).

16.    Plaintiff also owns the following registrations for the ENCORE Word Marks with the Nevada Secretary of State:

    a.    **ENCORE** for resort hotel, hotel, restaurant, bar, lounge services (Nev. Reg. No. E0059612014-2); and

    b.    **ENCORE** for casino and entertainment services (Nev. Reg. No. E0059622014-3).

17.    Additionally, Plaintiff owns the following trademark registration with the USPTO for the distinctive ENCORE design logo (the "ENCORE Design Mark" and collectively, with the ENCORE Word Marks, the "ENCORE Marks"), shown below:

    a.    **ENCORE (and design)** in Classes 35, 41, 43 and 44 for retail store services featuring a wide variety of consumer goods of others; casino services; night club services; entertainment in the nature of theater productions, live music concerts, sports contests and gaming tournaments, and live visual and audio performances, variety, and comedy shows; hotel, restaurant and bar services; convention center services, namely, providing convention facilities; and

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

beauty salon, barbershop, and health spa services, namely, cosmetic body care services (Reg. No. 3,828,920).

18.     Plaintiff's federal and state trademark registrations for the ENCORE Marks have not been abandoned, cancelled or revoked.

19.     Since adopting the ENCORE Marks, Plaintiff has continuously used the ENCORE Marks at Encore and prominently in nationwide promotion of Plaintiff's goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services.

20.     Plaintiff protects its rights in the ENCORE Marks by, among other things, asserting such rights against trademark infringers upon discovering infringing activity.

21.     Plaintiff makes extensive use of the ENCORE Marks on, amongst other things, signage, wearing apparel, souvenirs and promotional materials.

22.     Plaintiff has also invested substantial sums of money to advertise, promote and protect the ENCORE Marks in print, broadcast and Internet media, including, for example, at www.wynnlasvegas.com and www.encorebeachclub.com, which are accessible throughout the United States and around the world.

23.     Since Plaintiff adopted the ENCORE Marks, millions of patrons from throughout the United States and the world have visited Encore.

24.     As a result, the ENCORE Marks have developed a substantial level of customer recognition and have acquired fame throughout the United States and the world.

25.     Based on its federal and state trademark registrations and extensive use of the ENCORE Marks, Plaintiff owns the exclusive right to use the ENCORE Marks in Nevada and throughout the nation in connection with a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services.

26.     Based on Plaintiff's extensive and exclusive use of the marks in commerce, Plaintiff also owns broad common law trademark rights in the ENCORE Marks for a variety of goods and services, including entertainment, nightclub, cocktail lounge, bar and restaurant services.

27.     The ENCORE Marks were inherently distinctive at the time Plaintiff began using ENCORE in commerce, and since that time have become famous throughout the United States in

connection with Plaintiff's entertainment, nightclub, cocktail lounge, bar and restaurant services, among other goods and services.

### DEFENDANT'S INFRINGING ACTIVITY

28.     Recently, Plaintiff discovered that Defendants promote and operate a restaurant, bar, and karaoke and cocktail lounge in Minneapolis, Minnesota under the marks ENCORE and/or ENCORE KARAOKE & SUSHI LOUNGE (the "Infringing ENCORE Marks"), which incorporates the ENCORE Word Marks in their entirety.

29.     Plaintiff is informed and believes and thereon alleges that Defendants own the registered domain names <encore2111.com> and <encorekaraokemn.com> (the "Infringing Domain Names") and operate websites available at https://encore2111.com and http://encorekaraokemn.com which promote Defendants' restaurant, bar, and karaoke and cocktail lounge services under the Infringing ENCORE Marks.

30.     Plaintiff is informed and believes and thereon alleges that Defendants operate a Facebook account, available at https://www.facebook.com/encoreMN/ , as well as an Instagram account, available at https://www.instagram.com/encorempls/ ,   which promote Defendants' restaurant, bar, and karaoke and cocktail lounge services under the Infringing ENCORE Marks.

31.     The "about" sections of Defendants' Facebook and Instagram pages indicate that the "Encore Karaoke & Sushi Lounge" offers "great food and lavish karaoke" with "rooms to cater to various party sizes and events," and is a "premier karaoke and sushi destination."

32.     Defendant has been on actual notice of Plaintiff's ENCORE Marks since at least March 2017.

33.     Defendants did not obtain Plaintiff's consent or authorization to use the ENCORE Marks in connection with entertainment, lounge, bar and restaurant services.

34.     Plaintiff is informed and believes and thereon alleges that by using the Infringing ENCORE Marks in connection with entertainment, lounge, and bar and restaurant services, Defendants were and are attempting to trade on the goodwill associated with the ENCORE Marks.

35.     Plaintiff is informed and believes and thereon alleges that by using the Infringing ENCORE Marks in connection with entertainment, lounge, bar and restaurant services, Defendants

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

were and are attempting to create an association between its services and the services associated with the ENCORE Marks, in a manner that is likely to harm the goodwill represented by the ENCORE Marks.

36. Plaintiff is informed and believes and thereon alleges that Defendants do not have a bona fide trademark or other intellectual property rights in the Infringing ENCORE Marks.

37. Plaintiff is informed and believes and thereon alleges that Defendants did not believe or have reasonable grounds to believe that use of the Infringing ENCORE Marks was a fair use or was otherwise lawful.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

38. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

39. By using the Infringing ENCORE Marks, Defendants intentionally and knowingly used and continues to use in commerce reproductions, counterfeits, copies and/or colorable imitations of Plaintiff's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

40. Defendants' use of the Infringing ENCORE Marks has created a likelihood of confusion among consumers who will falsely believe that the Defendants are associated with Plaintiff or that Plaintiff has sponsored or approved of Defendants' services or commercial activities.

41. Defendants' continued and knowing use of the Infringing ENCORE Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

43.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

44.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

45.     Defendants' use of the Infringing ENCORE Marks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

46.     Defendants' actions have created a likelihood of confusion among consumers who will falsely believe that the services Defendants offer in connection with the Infringing ENCORE Marks are produced by, affiliated with, or associated with Plaintiff when, in fact, they are not.

47.     Plaintiff is informed and believes and thereon alleges that Defendants acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation.

48.     Defendants' conduct is willful, wanton and egregious.

49.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

50.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution –15 U.S.C. § 1125(c))

51.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52.     The ENCORE Marks are inherently distinctive.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

53.     Based on Plaintiff's continuous and extensive use of the ENCORE Marks, the ENCORE Marks are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

54.     Defendants began using in commerce the Infringing ENCORE Marks after the ENCORE Marks became famous.

55.     Defendants' unauthorized use of the Infringing ENCORE Marks is likely to cause dilution of the distinctive quality of the ENCORE Marks and the goodwill associated with them, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     Plaintiff is informed and believes and thereon alleges that Defendants' actions were willful in nature, in that Defendants willfully intended to trade on Plaintiff's reputation or to dilute the ENCORE Marks.

57.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

58.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## FOURTH CLAIM FOR RELIEF

### (State Trademark Infringement—NRS 600.420)

59.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60.     By using the Infringing ENCORE Marks in commerce without the consent or authorization of Plaintiff, Defendants intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of the ENCORE Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection or association with Plaintiff.

61.     Defendants' use of the Infringing ENCORE Marks has created a likelihood of confusion among consumers who will falsely believe that Defendants' goods and services are

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

associated with the goods and services of Plaintiff, or that Plaintiff has sponsored or approved Defendants' goods, services or commercial activities.

62.     Defendants' continued use of the Infringing ENCORE Marks with knowledge of the ENCORE Marks and without the consent or authorization of Plaintiff constitutes intentional infringement of Plaintiff's registered state trademarks in violation of NRS § 600.420.

63.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

64.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## FIFTH CLAIM FOR RELIEF

### (State Trademark Dilution—NRS 600.435)

65.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

66.     Plaintiff's ENCORE Marks are inherently distinctive or have acquired distinctiveness through Plaintiff's extensive use.

67.     Based on Plaintiff's continuous and extensive use of the ENCORE Marks in the State of Nevada, these marks are entitled to be recognized as famous under NRS 600.435(2).

68.     Plaintiff is informed and believes and thereon alleges that Defendants began using, in commerce, the Infringing ENCORE Marks after the ENCORE Marks became famous in the State of Nevada.

69.     Defendants' unauthorized use of the Infringing ENCORE Marks is likely to cause dilution of the distinctive quality of the ENCORE Marks and the goodwill associated with them, in violation of NRS 600.435(1)(b).

70.     Plaintiff is informed and believes and thereon alleges that Defendants' actions are willful in nature, in that Defendants willfully intend to cause dilution of the ENCORE Marks or willfully intend to trade on Plaintiff's reputation.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

71.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

72.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

73.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

74.     By virtue of having used and continuing to use the ENCORE Marks, Plaintiff has acquired common law trademark rights in the marks.

75.     Defendants' use of the Infringing ENCORE Marks infringes upon Plaintiff's interest in common law trademark rights in the ENCORE Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services originate from, are affiliated with, or are endorsed by Plaintiff when, in fact, they are not.

76.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

77.     In addition to monetary damages, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## SEVENTH CLAIM FOR RELIEF

### (Cybersquatting – 15 U.S.C. § 1125(d))

78.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

79.   Defendants have registered, trafficked in and used a domain name that is confusingly similar to and dilutive of the ENCORE Marks, which constitutes cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

80.   The ENCORE Marks were distinctive and famous at the time Defendants registered the Infringing Domain Names.

81.   Upon information and belief, Defendants have and had a bad faith intent to profit from the ENCORE Marks.

82.   As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

83.   Plaintiff is therefore entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Plaintiff's rights in the ENCORE Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.   A preliminary and permanent injunction prohibiting Defendants, Defendants' respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendants, from (1) using the Infringing ENCORE Marks, confusingly similar variations thereof or any other marks that infringe or dilute the ENCORE Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the ENCORE Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

B.   A permanent injunction requiring FastDomain Inc. and Launchpad.com, Inc. to transfer the Infringing Domain Names to Plaintiff in accordance with Uniform Domain Name Dispute Resolution Policy Section 3(b) adopted by the Internet Corporation for Assigned Names and Numbers, to which FastDomain Inc. and Launchpad.com, Inc. are bound under their respective Registrar Accreditation Agreements Section 3.8, and which require FastDomain Inc. and Launchpad.com, Inc. to transfer the Infringing Domain Names upon court order;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614

C.      Disgorgement of Defendants' profits earned in connection with its use of the Infringing ENCORE Marks;

D.      An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

E.      An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117(a)(3) and NRS 600.430; and

F.      All other relief to which Plaintiff is entitled.

DATED this 29th day of August, 2017.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Peter H. Ajemian*
PETER H. AJEMIAN, ESQ., Bar No. 9491
pajemian@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135

*Attorneys for Plaintiff Wynn Resorts Holdings, LLC*

15864062

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NEVADA 89106-4614